1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

ALAN W. WOLCOTT,

CASE NO. 12cv1282-GPC-BLM

11

Plaintiff,

**ORDER GRANTING
DEFENDANTS' MOTION TO
DISMISS**

12

vs.

13

ROBERT MEULLER; ERIC
HOLDER; KEITH SLOTTER; THE
FEDERAL BUREAU OF
INVESTIGATION; THE U.S.
ATTORNEY GENERAL'S OFFICE;
DOES 1 thru 500,

[DKT. NO. 18]

14
15
16

Defendants.

17
18

On May 25, 2012, Plaintiff Alan W. Wolcott ("Plaintiff") filed a complaint and

19

on September 18, 2012, Plaintiff filed a second amended complaint. (Dkt. Nos. 1, 16.)

20

On November 19, 2012, Defendants filed a motion to dismiss for failure to state a

21

claim. (Dkt. No. 18.)  For the reasons below, the Court **GRANTS** Defendants' motion

22

and **DISMISSES** Plaintiff's claim.

23
24

**BACKGROUND**

25

In the second amended complaint, Plaintiff claims that he provided a

26

tip to the Federal Bureau of Investigation ("FBI") in response to a request made by

27
28

Defendant Keith Slotter.[1]  According to Plaintiff, Mr. Slotter, special agent for the FBI and host of the television program "The FBI's Most Wanted", "emanated to the general public agreement announcing orally 'the FBI needs your help.'"[2]  Plaintiff alleges that he responded to the Mr. Slotter's public offer via telephone, and left several messages asking Mr. Slotter to return Plaintff's telephone call.  Plaintiff asserts that he tried to gather information regarding the James Whitney Bulger case. Because Plaintiff "has not been allowed to confer" with Mr. Slotter regarding the information,  Plaintiff asserts three causes of action: mistake, fraud, and bad faith. Plaintiff requests compensatory damages in the amount of $2 million, plus $360,897.15 in interest.  Plaintiff further prays for injunctive relief as the case is pending.

## LEGAL DISCUSSION

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal,129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950.  To determine the adequacy of a complaint, conclusory allegations are disregarded, and a court is to ask whether well-pled factual allegations plausibly suggest that Plaintiff is entitled

---

[1]Unless otherwise indicated, all background is taken from Plaintiff's second amended complaint.

[2]Defendants clarify that the only similar show in San Diego, California is San Diego's Most Wanted," which has been hosted by Mr. Slotter. (Dkt. No. 18 at 2.)

1    to relieve.  Id.

2         Plaintiff's first cause of action is barred under the Contract Disputes Act and

3    Little Tucker Act.  Plaintiff labels his first claim as a "mistake", which appears to be

4    a claim for breach of contract.  Plaintiff describes the "mistake" as "knowingly and

5    willingly paying the reward to the wrong person."  (Complaint at 3.)  Plaintiff's

6    complaint describes Defendant Slotter's announcement as a contract when he states

7    it is a "general public agreement."  Plaintiff appears to allege that the FBI broke this

8    agreement by failing to respond to his phone call, and by allegedly paying the

9    reward to the wrong person.  Plaintiff asserts that he suffered over $2 million in

10    damages as a result of this breach of contract.  In their motion to dismiss,

11    Defendants rightly assert that all contract disputes against the United States over the

12    amount of $10,000 are required to be brought in the Court of Federal Claims. 28

13    U.S.C. § 1346(a)(2).  The Contract Disputes Act, in conjunction with the Tucker

14    Act, 28 U.S.C. § 1491(a)(1) and the Little Tucker Act, 28 U.S.C. § 1346(a)(2),

15    grants the Court of Federal Claims jurisdiction to adjudicate the contract claims

16    Plaintiff may have against the United States.  The Tucker Act provides jurisdiction

17    in the Court of Federal Claims for claims against the United States "founded either

18    upon the Constitution, or any Act of Congress or any regulation of an executive

19    department, or upon any express or implied contract with the United States." 28

20    U.S.C. § 1491(a)(1). The Little Tucker Act, as amended by the Contract Disputes

21    Act, gives district courts concurrent jurisdiction with the Court of Federal Claims

22    for:

23          Any other civil action or claim against the United

24          States, not exceeding $10,000 in amount, founded
either upon the Constitution, or any Act of Congress, or

25          any regulation of an executive department, or upon any
express or implied contract with the United States, or

26          for liquidated or unliquidated damages in cases not
sounding in tort, except that the district courts shall not

27          have jurisdiction of any civil action or claim against the
United States founded upon any express or implied

28          contract with the United States or for liquidated or
unliquidated damages in cases not sounding in tort
which are subject to sections 8(g)(1) and 10(a)(1) of

1    the Contract Disputes Act of 1978.

2    28 U.S.C. § 1346(a)(2).

3    The Little Tucker Act does not give district courts jurisdiction for contract

4    claims exceeding $10,000, and does not give district courts jurisdiction for claims

5    covered by sections 8(g)(1) and 10(a)(1) of the Contract Disputes Act. Id.  The

6    district court does not have jurisdiction over Plaintiff's claims under the Little

7    Tucker Act because (1) his claims of damages due to the alleged breach of contract

8    are over $2 million - far exceeding the $10,000 limit; and 2) his claims arise, if at all,

9    under section 10(a)(1) of the Contract Disputes Act, 41 U.S.C. § 609(a)(1).  For

10   these reasons, the Court dismisses Plaintiff's first cause of action.

11   Plaintiff's second cause of action also fails because claims against the United

12   States for fraud by a federal officer are absolutely barred.  Claims arising out of

13   misrepresentation or deceit are excluded from the Federal Tort Claims Act. See 28

14   U.S.C. § 2680 (h)(listing as a specific exemptions that the United States cannot be

15   sued for, including "misrepresentation, deceit, or interference with contract rights."

16   ); Moon v. Takiski, 501 F.2d 389, 390 (9th Cir. 1974).  Here, Plaintiff states that

17   "fraud is defined and describes the mistake in the form of subrogation of the Plaintiff

18   with the person who received the reward money." (Complaint at 3.)  The Court

19   interprets this claim as an alleged interference by a FBI officer in Plaintiff's

20   contractual right to the reward money.  As previously stated, the Federal Tort Claims

21   act bars such claims against the U.S. government for interference in contract rights.

22   As such, Plaintiff's cause of action for fraud fails.  To the extent that Plaintiff has

23   named individuals under the Federal Tort Claims Act claim for fraud, the Court

24   further finds that the only proper defendant in such action is the U.S. government.

25   Allen v. Veterans Administration, 749 F.2d 1386, 1388 (9th Cir. 1984).  Accordingly,

26   the Court finds that Plaintiff has improperly named individuals in this claim and

27   therefore dismisses all named Defendants except the U.S. government.

28   Plaintiff's third and final cause of action for bad faith fails to state a claim.  To

determine the adequacy of a complaint, conclusory allegations are disregarded, and a court is to ask whether well-pled factual allegations plausibly suggest that Plaintiff is entitled to relieve. Iqbal, 129 S. Ct. at 1950.  Plaintiff's claim states that bad faith is "the rude behavior in the form of Duty Agent repeatedly hanging up the phone when Plaintiff tried to gather information on the James Whitey Bulger case." (Complaint at 3.)  This claim is neither well-pled or plausible.  To withstand a motion to dismiss, a complaint "must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'"  Armstrong v. Sexson, 2007 WL 2288297 (E.D. Cal. August 8, 2007), quoting Twombly, 550 U.S. at 55. Rather, a complaint must "plausibly" show a valid claim.  Id. at 557.  The Court finds scant supporting facts or evidence on the face of Plaintiff's complaint to support a claim for bad faith.  The Court therefore dismisses Plaintiff's claim for bad faith.

<b>CONCLUSION</b>

For the foregoing reasons, the Court hereby **DISMISSES WITH PREJUDICE** Plaintiff's first and second causes of action.  The Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's third cause of action. Furthermore, the Court hereby **VACATES** the hearing date set for March 1, 2013.

**SO ORDERED.**

DATED:  February 25, 2013

HON. GONZALO P. CURIEL
United States District Judge

12cv1282-GPC-BLM