# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN W. WOLCOTT,<br><br>                    Plaintiff,<br><br>vs.<br><br>ROBERT MEULLER; ERIC HOLDER; KEITH SLOTTER; THE FEDERAL BUREAU OF INVESTIGATION; THE U.S. ATTORNEY GENERAL'S OFFICE; DOES 1 thru 500,<br><br>                    Defendants. | CASE NO. 12cv1282-GPC-BLM<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>[DKT. NO. 29] |

On May 25, 2012, Plaintiff Alan W. Wolcott ("Plaintiff") filed an initial complaint in the above-captioned matter. (Dkt. No. 1.) On June 11, 2012, Plaintiff filed an amended complaint, alleging causes of action for "mistake," "fraud," and "bad faith." (Dkt. No. 4.) On September 18, 2012 the Court accepted and docketed Plaintiff's "Second Amended Complaint" *nunc pro tunc* to September 14, 2012. (Dkt. No. 15.) Because the filing lacked proof of service and Plaintiff did not request leave to file a second amended complaint, the Court did not issue summons on the Second Amended Complaint and construed the document as an ex parte supplemental filing. On November 19, 2012, Defendants filed a motion to dismiss Plaintiff's claims for "mistake," "fraud," and "bad faith." (Dkt. No. 18.) On February 25, 2013, the Court: (1) granted Defendants' motion to dismiss Plaintiff's claims for "mistake" and "fraud" with prejudice; and (2) granted Defendants' motion to dismiss Plaintiff's claim for "bad

faith" without prejudice. (Dkt. No. 21.)

On May 8, 2013, Plaintiff filed a third amended complaint. (Dkt. No. 25.) On July 11, 2013, Defendants moved to dismiss Plaintiff's third amended complaint. (Dkt. No. 29.) For the reasons below, the Court **GRANTS** Defendants' motion and **DISMISSES** Plaintiff's claims.

## BACKGROUND

This case involves Plaintiff's alleged provision of information to the Federal Bureau of Investigation ("FBI") in response to a request made by Defendant Keith Slotter ("Defendant Slotter"). (Dkt. No. 25, "TAC" ¶ 6.) Plaintiff alleges Defendant Slotter announced a call for help in his capacity as special agent for the FBI and co-host of the television show "The FBI's Most Wanted List." (Id. ¶ 2.) Plaintiff alleges responding to Defendant Slotter's public television offer via telephone to the advertised phone number. (Id. ¶ 6.)

In addition, Plaintiff alleges trying to gather information regarding the "James Whitey Bulger case," (Id. ¶ 9), as well as leaving several messages for the FBI asking for a return telephone call, (Id. ¶ 10). Plaintiff further alleges that an FBI Agent indicated to Plaintiff that FBI Agents, Robert Mueller, and Eric H. Holder knew that Plaintiff was "in fact the person with the original source of information/prime mover of, and is the direct cause of James Whitey Bulger's capture and successful prosecution thereto." (Id. ¶ 10.) Plaintiff asserts three causes of action in Plaintiff's TAC: (1) Errors and Omissions Part I; (2) Errors and Omissions Part II; and (3) Bad Faith. (Id. at 6.) Plaintiff requests compensatory damages in the amount of $2,100,001.00, interest at the APR of 10% per year or $547.94 per day until Plaintiff is paid in full; and an award of all costs. Plaintiff further prays for injunctive relief while the above-captioned matter is pending.

## LEGAL STANDARDS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

Ashcroft v. Iqbal,129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950. To determine the adequacy of a complaint, conclusory allegations are disregarded, and a court is to ask whether well-pled factual allegations plausibly suggest that Plaintiff is entitled to relief. Id.

## DISCUSSION

**1. Cause of Action 1 and 2 for "Errors and Omissions"**

Plaintiff's first cause of action in the Third Amended Complaint ("TAC") claims "errors and omissions" based on the "Respondent Superior Doctrine of the Government Code § 9.10 and now amended § 911.4," under which Plaintiff claims "the Court must look to the person higher up." (TAC at 6, ¶ 1.) Plaintiff's second cause of action in the Third Amended Complaint alleges "Errors and omissions are described as knowingly and willingly paying the reward money to the wrong person." These allegations mirror the language used by Plaintiff in claims previously dismissed by this Court with prejudice.[1] (Dkt. No. 4 "First Amended

---

[1] Although the second cause of action in Plaintiff's TAC includes one additional line not previously included in Plaintiff's FAC, the Court finds the additional line immaterial. (Dkt. No. 25 at 6, ¶ 2) ("Year to date, Special Agent in charge Slotter has breached his public oral agreement with Plaintiff."). The Court previously construed Plaintiff's cause of action as a breach of contract claim and dismissed the claim with prejudice because the Court lacks jurisdiction over contract claims exceeding $10,000 or for claims covered by 8(g)(1) and 10(a)(1) of the Contracts Dispute Act, 28 U.S.C. § 1346(a)(2). (Dkt. No. 21 at 4.) Although Plaintiff adds now that the allegedly breached contract is "public" and "oral," these additions do not change the underlying breach of contract claim previously dismissed by this Court with prejudice.

Complaint" ¶¶ 9-10) ("MISTAKE: Under the Respondent Superior Doctrine of the Government Code Section 9.10 and now amended Code 911.4, the Court must look to the person higher ip (sic). Mistake is clearly defined and describes a cause of action by the DEFENDANT(s), each of them. Mistake is described as knowingly and willingly paying the reward to the wrong person.") (numbers omitted). To the extent that the first two causes of action alleged in Plaintiff's TAC were previously considered by the Court and dismissed with prejudice, (Dkt. No. 21 at 5), the claims are barred and again DISMISSED WITH PREJUDICE.

**2. Cause of Action 3 for "Bad Faith"**

The first half of Plaintiff's third cause of action, for "bad faith," also remains unchanged from Plaintiff's First Amended Complaint. Compare (Dkt. No. 4 ¶ 12) ("Bad faith is defined and described as the rude behavior in the form of Duty Agent repeatedly hanging up the phone when PLAINTIFF tried to gather information on the JAMES WHITEY BULGER case.") with (Dkt. No. 25 at 6, ¶ 3) ("Bad faith is defined and described as the rude behavior in the form of the Duty Agent; Agent repeatedly hanging up the phone when Plaintiff tried to gather information on the James Whitey Bulger Case."). Plaintiff adds one additional line in the TAC to support Plaintiff's claim for bad faith: "Bad faith is defined and described as destroying or hiding the video of James Whitey Bulger and Alan W. Wolcott with James Whitey Bulger at the point of sale on Nov. 20th, 2010 @ 10:40 A.M."

The Court finds again that this claim is neither well-pled nor plausible. To withstand a motion to dismiss, a complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Armstrong v. Sexson, 2007 WL 2288297 (E.D. Cal. August 8, 2007) (quoting Twombly, 550 U.S. at 55). Rather, a complaint must "plausibly" show a

---

Furthermore, to the extent that Plaintiff disagrees with the Court's interpretation of the Little Tucker Act, 18 U.S.C. § 1346(a)(2), as a basis for re-asserting the Court's jurisdiction over claims dismissed with prejudice, (Dkt. No. 25 ¶ 3), Plaintiff may not challenge the Court's final judgment with an amended complaint.

valid claim. Id. at 557. The Court finds Plaintiff's additional allegation merely sets forth Plaintiff's definition of bad faith. Plaintiff fails to allege sufficient facts, including who completed the acts complained of or what the allegedly destroyed video showed, to support a plausible claim for relief. The Court therefore GRANTS Defendants' motion to dismiss Plaintiff's claim for "bad faith."

**3. Leave to Amend**

The Court notes that Plaintiff filed a response to Defendants' motion to dismiss that raises new facts not contained in Plaintiff's previous complaints. (Dkt. No. 36.) A motion to dismiss under Federal Rules of Civil Procedure 12(b)(6) is ordinarily "addressed to the four corners of the complaint without consideration of other documents or facts outside of the complaint." Haskell v. Time, Inc., 857 F. Supp. 1392, 1396 (E.D. Cal. 1994). The Court declines to consider the new facts in consideration of Defendants' motion to dismiss Plaintiff's TAC. However, because the Court holds the allegations of a pro se Plaintiff to less stringent standards than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the Court concludes that leave to amend should be GRANTED.

**CONCLUSION**

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss is **GRANTED** as to Plaintiff's claims for breach of contract, labeled as Count 1 and 2 in the Third Amended Complaint, <u>without</u> leave to amend;

2. Defendants' Motion to Dismiss is **GRANTED** as to Plaintiff's claim for bad faith <u>with</u> leave to amend;

3. If Plaintiff wishes to file an amended complaint, Plaintiff shall do so on or before **January 30, 2014**; and

4. The hearing on Defendant's Motion to Dismiss, currently set for January 3, 2014, is **VACATED.**

1  If Plaintiff fails to file an amended complaint on or by January 30, 2014, this case
2  may be terminated with prejudice for failure to prosecute.
3  **SO ORDERED.**
4
5  DATED: December 20, 2013
6
7  HON. GONZALO P. CURIEL
   United States District Judge